UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS

MELVIN HAMILTON                                             NO. 23-00011-BAJ-RLB

## JUDGMENT

On July 18, 2023, a bench trial was conducted in the above-captioned matter, after Defendant Melvin Hamilton waived his right to a jury trial. (Doc. 27). The Defendant was present and represented by Counsel. Upon receiving the evidence, the Court rendered a verdict of GUILTY to the charge of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), the only count charged in the Indictment. Below are the Court's written findings of fact and conclusions of law.

### I.  BACKGROUND

Following his indictment by the Grand Jury on February 23, 2023, the Defendant entered a plea of not guilty. (Doc. 10). The case was set for trial on May 15, 2023. (Doc. 12). On April 13, 2023, the Court granted the Defendant's unopposed Motion to continue the jury trial and to extend the deadline for the filing of substantive motions. (Doc. 18). On May 22, 2023, the Government filed a Notice of Intent to Enter Plea on the Defendant's behalf, and the Defendant's rearraignment hearing was set for June 20, 2023. (Docs. 20, 21).

However, at the rearraignment hearing, the Defendant moved for a

continuance, citing his intent to consult with and perhaps retain new Counsel. The Court canceled the rearraignment and re-set the jury trial for July 18, 2023. (Doc. 23). On June 30, 2023, the Defendant filed a Waiver of Jury Trial, consenting to be tried by judge. (Doc. 27). Pursuant to Federal Rule of Criminal Procedure ("Rule") 23(a)(2), the United States concurred. (Doc. 30). On July 12, 2023, pursuant to Rule 23(a)(3), the Court approved the Defendant's waiver of trial by jury. (Doc. 36).

## II. ELEMENTS OF 18 U.S.C. § 922(g)

To sustain a conviction under 18 U.S.C. § 922(g), the Government must prove each of the following elements beyond a reasonable doubt: 1) that the Defendant knowingly possessed a firearm; 2) that he had been convicted of a crime punishable by a term of imprisonment greater than one year prior to that possession; 3) that he knew he was a convicted felon at the time he possessed the firearm; and 4) that the firearm traveled in or affected interstate commerce. *See United States v. Lavalais*, 960 F.3d 180, 185 (2020).

## III. DISCUSSION

The Court finds that the Government has satisfied its burden of proving each of the elements for a conviction under § 922(g) beyond a reasonable doubt.

The evidence establishing the Defendant's actual possession of the firearm was presented through the uncontroverted testimony of Milan Robinson, who testified that on October 3, 2021, he saw the Defendant standing outside his home holding a firearm and "threatening a lady," who was later identified as the Defendant's mother.

2

Robinson called 911 to report the incident. In open court at the trial, Robinson identified the Defendant as the person he saw holding the firearm.

Officer Travis Hall, one of several Baton Rouge police officers who responded to the 911 call, testified that as he arrived on the scene, he saw the Defendant sitting on steps next to Robinson's residence. Officer Hall retrieved the firearm and ammunition from the ground in the vicinity where the Defendant was sitting. The pistol was located among several of the Defendant's personal items. It was later identified as a Ruger, model P94DC, 9mm caliber pistol, bearing serial number 308-12782, the same weapon described in the Indictment.[1]

The Government also offered the testimony of Officer Jeremy Givens, who credibly testified that after *Mirandizing* the Defendant, he interviewed the Defendant about the pistol. The Defendant initially denied possessing the weapon, but ultimately admitted that he had done so when retrieving his personal items from a nearby trash dumpster (apparently, the firearm and other personal items were placed in the dumpster by the Defendant's mother). The Defendant's admission was recorded on Officer Givens's body camera. Thus, the undisputed evidence at trial

---

[1] At trial, the Defendant challenged whether the firearm described in the Indictment was the same firearm recovered on October 3, 2021. "In cases where the defendant questions whether the evidence offered is the same as the items actually seized, the role of the district court is to determine whether the government has made a prima facie showing of authenticity." *United States v. Sparks*, 2 F.3d 574, 582 (5th Cir. 1993). Here, the Government has made the required showing of authenticity through the testimony of Officers Hall and Givens, who both identified the actual firearm located during the incident and described the firearm's whereabouts after it was retrieved from the Defendant's belongings.

established that the Defendant knowingly possessed the firearm.

To prove that the Defendant had been previously convicted of a felony offense that would prohibit him from possessing a firearm, the Government offered certified records from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana reflecting that, on January 9, 2014, the Defendant pled guilty to two felony offenses: (1) possession of a firearm while in possession of a controlled dangerous substance, in violation of La. R.S. 14:95E; and (2) possession of a firearm or concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1A. The certified records of these convictions included the Defendant's fingerprint records. At the trial, over the Defendant's objection, the Court ordered the Defendant to submit to fingerprinting for analysis by Gena Sharp, the Government's fingerprint expert. Later, in open court, Sharp testified that her analysis confirmed that the fingerprints accompanying the Defendant's state court convictions matched the fingerprints taken at trial. Accordingly, the Government carried its burden to prove the Defendant's prior felony conviction.[2] The same evidence also proved that the Defendant knew he

---

[2] It cannot be ignored that the Defendant was previously convicted of violating § 922(g), in *this* District. (*See* Docket No. 99-cr-00023-JVP-SCR, Docs. 1, 29). Moreover, the records of the Defendant's 1999 conviction show that he stipulated *in writing* to being "a convicted felon." (*See* Docket No. 99-cr-00023-JVP-SCR, Doc. 30). Inexplicably, the Government did not move to introduce evidence of the Defendant's 1999 federal conviction or his stipulation at trial. Such evidence is intrinsic to the instant offense, and, at minimum, would have sufficed to show a predicate prior felony for purposes of this case. *See, e.g., United States v. Schmidt*, 487 F.3d 253 (5th Cir. 2007) (affirming § 922(g) conviction predicated on a 20-year-old felony offense); *accord United States v. Blankenship*, 923 F.2d 1110, 1118 (5th Cir. 1991) (the period of proscription for firearm possession under § 922(g)(1) is "indefinite" (citing *Young v. Bureau of Alcohol, Tobacco & Firearms*, 690 F.Supp. 990, 995 (S.D.Ala.1988)).

was a convicted felon when he possessed the firearm on October 3, 2021. *See United States v. Hicks*, 958 F.3d 399, 402 (2020) ("We see nothing unfair about affirming Hicks's conviction when the record contains substantial evidence that he knew of his felon status. As stated, when Hicks possessed the firearms, not only had he served more than two years' imprisonment on two separate occasions, he had also recently been charged in state court with being a felon in possession of a firearm.").

Finally, the United States offered the testimony of Special Agent Bradley Boos of the Bureau of Alcohol, Tobacco and Firearms, who the Court accepted as an expert in the field of interstate nexus of firearms. SA Boos testified that the firearm possessed by the Defendant was test-fired and was confirmed to be operational. He also testified that his research and analysis revealed that the Ruger was manufactured in the state of Arizona and was later shipped to Louisiana, thus satisfying § 922(g)'s interstate nexus element.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Melvin Hamilton be and is hereby **GUILTY** of the offense of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

Baton Rouge, Louisiana, this _10th_ day of August, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**